UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICK SCOTT BAKER**, *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA**, *et al.*, <br><br> **Defendants.** | Case No. 03-cv-749 (GMH) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Revive Judgment. Plaintiffs move to renew their judgment against the Syrian Arab Republic, the Syrian Air Force Intelligence (Idarat al-Mukhabarat al-Jawiyya), and Syria's Director of Military Intelligence (General Muhammad al-Khuli) (together, "Defendants"),[1] pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1962, and D.C. Code § 15-101. *See* ECF No. 149 at 1.

On March 31, 2011, Plaintiffs were awarded $56,566,534.00 in compensatory damages and $545,402,617.51 in punitive damages and prejudgment interest for a total judgment of $601,969,151.51. *See id.* at 3; *see also* ECF No. 149-1. Plaintiffs assert that the Judgment has been partially satisfied in the amount of $488,941.43, with the outstanding portion of the Judgment totaling $601,480,210.08. *See* ECF No. 149 at 3. Plaintiffs' motion is unopposed by the defendants, who have been in default throughout this proceeding. For the reasons that follow, the Court will grant Plaintiffs' motion.

---

[1] Various Libyan defendants were dismissed pursuant to the Libya Claims Resolution Act, Pub. L. No. 110-301, 122 Stat. 2999 (2008). *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 55 (2011).

I.     BACKGROUND

In 2003, Plaintiffs brought an action under the Foreign Sovereign Immunities Act ("FSIA") against the defendants. *See id.* at 1. Under the FSIA, foreign states are immune from suit in United States courts, subject to certain statutory exceptions to immunity in certain categories of cases. *See* 28 U.S.C. § 1604 *et seq.* An exception for state-sponsored terrorism, codified at 28 U.S.C. § 1605A, provides that "a foreign state that is or was a state sponsor of terrorism shall be liable to a United States citizen for personal injury or death." *Baker*, 775 F. Supp. 2d at 76. The statute eliminates a foreign state's immunity from the jurisdiction of the United States courts in cases where

> "money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or provision of material support or resources for such an act" if an "official, employee, or agent of [the] foreign state" engages in such provision of material support "while acting within the scope of his or her office."

*Id.* (alteration in original) (quoting 28 U.S.C. § 1605A(a)(1)). A court shall hear an FSIA claim if, in addition to the requirements of the sovereign immunity exception, "the foreign state was designated as a 'state sponsor of terrorism' by the State Department at the time the act took place and . . . the victim or plaintiff was a national of the United States at the time the act took place." *Id.* (footnote omitted). The Court determined that each requirement was met in this case and that it had subject-matter and personal jurisdiction. *See id.* at 76-77.

On March 31, 2011, the Court entered a default judgment. ECF No. 126. On January 27, 2023, Plaintiffs filed a motion with this Court seeking the revival of their judgment against Defendants. *See* ECF No. 149 at 4.

## II.     LEGAL STANDARD

The procedure of executing a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).  Therefore, "[t]he life of a judgment issued by a federal district court is determined by the law of the state jurisdiction wherein the federal court is located." *Belkin v. Islamic Republic of Iran*, No. 06-cv-0711, 2020 WL 4219783, at *2 (D.D.C. July 23, 2020).  Under District of Columbia law, "every final judgment or final decree for the payment of money rendered in" the United States District Court for the District of Columbia is enforceable "for the period of twelve years only from the date when an execution might first be issued thereon." D.C. Code § 15-101(a); *see also Blackman v. District of Columbia*, 239 F. Supp. 3d 22, 23 (D.D. C. 2017).  A court may issue "[a]n order of revival . . . during the period of twelve years from the rendition" to "extend[] the effect and operation of the judgment . . . and all the remedies for its enforcement for the period of twelve years from the date of the order." D.C. Code § 15-103; *see also Blackman*, 239 F. Supp. 3d at 23; *Estate of Bayani v. Islamic Republic of Iran*, No. 04-cv-01712, 2021 WL 6805390, at *1 (D.D.C. March 31, 2021) (granting a motion to revive a default judgment).  When a revival motion is timely, "[t]he D.C. Court of Appeals has stated that courts should grant an order of revival if the defendant offers 'no other defense or cause why the judgment should not be revived.'" *Blackman*, 239 F. Supp. 3d at 24 (quoting *Nat'l Bank of Wash. v. Carr*, 829 A.2d 942, 945 (D.C. 2003)); *see also Bayani*, 2021 WL 6805390, at *1; *Belkin*, 2020 WL 4219783, at *2.

## III.    DISCUSSION

Plaintiffs' motion to revive has fulfilled the statutory requirements because it was properly filed on January 27, 2023, approximately two months before the twelve-year statutory period, which commenced on March 31, 2011, is set to expire on March 30, 2023.  *See* ECF No. 149 at 1,

4. In addition, the defendants have neither responded to Plaintiffs' motion, nor offered any defense or cause as to why the judgment should not be revived. *See, e.g.*, *Bayani*, 2021 WL 6805390, at *2 (granting a motion to revive a judgment where the defendants did not "respond[] to [p]laintiffs' motion or offer[] any defense or cause why the judgment should not be revived"); *Belkin*, 2020 WL 4219783, at *3 (granting a motion to revive where the defendants were in "default at all times in this proceeding and . . . failed to offer any defense or cause" why the judgment should not be revived); *Blackman*, 239 F. Supp. 3d at 24 (granting a motion to revive where the defendants offered no reason why the motion should be denied).

Because the defendants have been in default throughout this proceeding and no new claim has been asserted by Plaintiffs with this motion, service of Plaintiff's Motion to Revive is not required. *See* Fed. R. Civ. P. 5(a)(2) (stating that "[n]o service is required on a party who is in default for failing to appear" unless it is "a pleading that asserts a new claim for relief"); *see also Belkin*, 2020 WL 4219783, at *3 (noting that service of the motion to revive was not required because no new claims were asserted and the defendants remained in default).

To allow Plaintiffs more time to enforce the judgment, the Court will grant their motion and revive their judgment for an additional twelve years. For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Revive (ECF No. 149) is **GRANTED**; and it is

**FURTHER ORDERED** that the Judgment entered herein on March 31, 2011, is hereby extended and enforceable for an additional period of twelve years from the date of this order.

**SO ORDERED**

Date: February 13, 2023

_____
G. Michael Harvey
United States Magistrate Judge